**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | **2:12-cr-224** |
| v. | ) | |
| | ) | |
| CURTIS DELAY BROWN, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

Now pending before the Court are Defendant's MOTION *IN LIMINE* TO EXCLUDE
IRRELEVANT AND UNFAIRLY PREJUDICIAL STATEMENTS (ECF No. 74); MOTION *IN
LIMINE* CONCERNING OPERABILITY OF THE FIREARM (ECF No. 75); and MOTION *IN
LIMINE* TO EXCLUDE REFERENCES TO IRRELEVANT EVIDENCE WITH CITATION
OF AUTHORITY (ECF No. 76). The Government has filed an OMNIBUS RESPONSE TO
DEFENDANT'S MOTIONS IN LIMINE (ECF No. 83). Accordingly, the motions are ripe for
disposition.

### I.      Background

Defendant, Curtis Delay Brown, is charged in a one-count criminal indictment with
possession of a firearm by a convicted felon, on or about July 7, 2012, in violation of 18 U.S.C.
§§ 922(g)(1) and 924(e). *See* Indictment at 1 (ECF No. 19). On the date in question, Pittsburgh
Police Officers were assisting Pennsylvania Liquor Control Enforcement officers in serving a
search warrant on an after-hours nightclub in the Homewood neighborhood of Pittsburgh.
Defendant was allegedly sitting on a couch in the club when the officers came upon the scene.
Upon entering the club, an officer allegedly observed Defendant reach into his waistband area,
pull out a firearm, and shove the firearm between two couch cushions. Defendant was detained,

and the officers recovered a loaded .38 Special Taurus revolver, model 85, serial number XK97661, from between the couch cushions.

This case was originally scheduled for a jury trial to begin on October 8, 2013. Defendant filed motions *in limine* on September 23, 2013, and the Government responded on September 30, 2013. On October 1, 2013, the Court granted Defendant's motion to postpone the trial. It has since been rescheduled for Monday, January 27, 2014.

## II. Discussion

The Court will address each of Defendant's motions *seriatim*.

### A. Defendant's Statements Regarding Possession of a Firearm

Defendant seeks to prevent the Government from introducing the following statements he allegedly made to ATF Agent Louis Weirs following his arrest:

> Brown stated that he carries a firearm for self protection due to the area in which he lives and the nature of the business he is in. He added that he may not always have the firearm on him, but it is near, if needed. Brown stated that there is no guarantee he would not stop carrying a gun after this arrest. Brown added that he didn't want to go around and shoot someone, but was just for protection.

Defendant contends that his statements constitute impermissible propensity evidence under Fed. R. Evid. 404(b). In response, the Government submits that the statements do not constitute 404(b) evidence since they relate to the incident charged in the indictment, not past instances of conduct. Alternatively, the Government contends that even if the statements implicate Rule 404(b), they are admissible to show the Defendant's motive for carrying a firearm on the date in question. The Court will assume for the purpose of this motion that the statements implicate Rule 404(b). In either event, the Court finds that the statements are admissible.

Rule 404(b)(1) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in

2

accordance with the character." Such evidence may, however, be admissible for another relevant

purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity,

absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The United States Supreme

Court has established a four-step test for determining the admissibility of evidence covered by

the Rule:

> (1) the evidence must have a proper purpose under Rule 404(b); (2) it must be
> relevant under Rule 402; (3) its probative value must outweigh its prejudicial
> effect under Rule 403; and (4) the court must charge the jury to consider the
> evidence only for the limited purpose for which it is admitted.

*U.S. v. Sampson*, 980 F.2d 883, 886 (3d Cir. 1992) (citing *Huddleston v. U.S.*, 485 U.S. 681,

691–92 (1988)).

### 1.      Proper Purpose and Relevance

Evidence that only tends to show that a defendant has a propensity to commit crimes

must be excluded under Rule 404(b). *U.S. v. Lee*, 612 F.3d 170, 186 (3d Cir. 2006). However,

when the "other act" evidence is relevant to prove some other fact at issue in the case, it may be

admissible as long as its probative value is not substantially outweighed by the danger of unfair

prejudice. *Id.* The burden of establishing that the evidence is being offered for a proper purpose

falls on the Government; "'it must clearly articulate how that evidence fits into a chain of logical

inferences, no link of which can be the inference that because the defendant committed . . . [such

an act] before, he therefore is more likely to have committed this one.'" *Id.* (quoting *Sampson*,

980 F.2d at 887). This is not a high standard, as the Rule favors admissibility. *Id.*

The Government posits that the Defendant's statements are relevant for the purpose of

showing that he had a motive to possess a firearm when he was arrested in the club. The United

States Circuit Court of Appeals for the Third Circuit has explained that "in a case like this one,

where [Defendant] is asserting that he never had a gun on the date in question, it is important to know that he had a personal motivation to possess a gun." *U.S. v. Lee*, 612 F.3d 170, 187 n.19 (3d Cir. 2010). In *Lee*, for example, the trial court permitted the Government to introduce a statement by the defendant in which he admitted "that he had access to guns, that he was willing to use guns, that he had shot at someone with whom he had an ongoing feud, that that person had tried to kill him, and that he had possessed a gun at an earlier time when [a police officer] tried to stop him." *Id.* at 186. On appeal, the Court of Appeals accepted the Government's argument that the statements did not merely show that the defendant had a propensity to commit firearms offenses, but instead were relevant to show that he had a reason for carrying a gun – a proper purpose under Rule 404(b). *Id.* at 189-90.

In this case, Defendant's statements, like those in *Lee*, show that he had a "personal motivation to possess a gun": he felt that carrying a gun was necessary for self-protection and because of the nature of his "business" (whatever that may be). Accordingly, the Court finds that the Government has established a proper purpose for which the statements may be admitted.

### 2.      Rule 403 Balancing Test

In order to be admissible, the statements must still survive a Rule 403 balancing test, *i.e.* the probative value must not be substantially outweighed by the danger that the jury will consider the evidence to infer bad character on the Defendant's part. On one hand, insofar as Defendant's "statements reveal [his] motive to possess weapons on the date in question," they are "highly probative in a case like this, in which [he] has denied possession all together." *Id.* at 190. On the other hand, the risk that a jury will infer from the statements that the Defendant has a propensity to commit firearms offenses is real. That risk can, however, be contained by a jury instruction limiting the consideration of the evidence to its proper purpose. In view of that, the

Court finds that the probative value of statements is not *substantially* outweighed by the danger of unfair prejudice or any of the other factors set forth in Rule 403.

In sum, the Court finds that Defendant's statements to Agent Weirs are admissible for the purpose of demonstrating that Defendant had a motive to carry a gun on July 7, 2012. The jury will be instructed that it may not consider the evidence for any purpose other than to establish motive. Therefore, Defendant's first motion in *limine* will be **DENIED**.

### B.     Evidence Regarding Operability of the Firearm

Defendant's second motion *in limine* requests that the Court prohibit the Government's proffered firearms expert, Jason Very, from testifying about the operability of the gun at issue in this case. Defendant contends that proof of operability is not an element of the charged offense, and thus, it is irrelevant whether the gun could be fired.

One of the elements of the charged offense requires the Government to show that Defendant knowingly possessed a "firearm." The term "firearm" is defined as ""(A) any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive, (B) the frame or receiver of any such weapon, (C) any firearm muffler or firearm silencer, or (D) any destructive device." 18 U.S.C. § 921(a)(3). While Defendant is correct that the definition does not *require* that a weapon be operable to constitute a "firearm," a weapon's operability nevertheless "may be relevant to whether it is designed to expel a projectile by the action of an explosive." *U.S. v. Counce*, 445 F.3d 1016, 1018 (8th Cir. 2006). Put another way, if a gun can be fired (or, in the parlance of § 921(a)(3), "expel a projectile by the action of an explosive"), it surely satisfies the definition of a "firearm." Although the definition could be satisfied in other ways, the Government must be permitted to prove its case in the manner that it so chooses. *See Old Chief v. U.S.*, 519 U.S. 172, 186 (1997) (explaining that generally "the

prosecution is entitled to prove its case by evidence of its own choice").

Defendant contends that even if the testimony is relevant, its probative value is substantially outweighed by the danger of unfair prejudice in that the jury will be more likely to convict upon hearing that the gun was operable. Relatedly, he contends that Very's testimony is unnecessarily cumulative since Andrew K. Hromyak will also be called to testify that the firearm seized on July 7, 2012, meets the definition in § 921(a)(3).

The Court disagrees with both of these propositions. First, the fact that the firearm was operable will not necessarily inflame the passions of the jury. Accepting that argument would be tantamount to saying that any time the Government attempts to prove its case by showing that the "weapon will . . . expel a projectile," the Government's evidence would be unfairly prejudicial. That cannot be the case. Second, presenting related testimony from two separate witnesses is not inherently impermissible under Rule 403. Without knowing the substance of the testimony of Very and Hromyak and the context in which such testimony will be presented, the Court cannot determine whether Very's testimony will be so cumulative as to amount to a waste of time. If, at trial, the testimony of either Very or Hromyak appears to be nothing more than a re-hashing of the other's testimony, the Court may limit the testimony at that time. It would, however, be premature to do so at this time. Accordingly, Defendant's second motion *in limine* will be **DENIED**.

### C. References to Other Firearm

Finally, Defendant also seeks to exclude testimony related to another gun found in the club on July 7, 2013. The Government has indicated that it does not intend to offer evidence related to the other gun in its case-in-chief. Nevertheless, the Court agrees with Defendant that any and all evidence related to the other gun is irrelevant to proving that he committed the crime

with which he is charged.  Accordingly, this motion will be **GRANTED**.  However, if the Defendant opens the door by introducing argument or evidence about the other gun, the Government will be permitted to introduce evidence related to the other gun, as well.

### III.    Conclusion

For the foregoing reasons, Defendant's first and second motions (ECF Nos. 74 and 75) will be denied, while Defendant's third motion (ECF No. 76) will be granted.  An appropriate Order follows.

McVerry, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | )     **2:12-cr-224** |
| v. | ) |
| | ) |
| CURTIS DELAY BROWN, | ) |
| Defendant. | ) |

## ORDER OF COURT

**AND NOW**, this 14th day of January, 2014, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.     Defendant's MOTION *IN LIMINE* TO EXCLUDE IRRELEVANT AND UNFAIRLY PREJUDICIAL STATEMENTS (ECF No. 74) is **DENIED**;

2.     Defendant's MOTION *IN LIMINE* CONCERNING OPERABILITY OF THE FIREARM is **DENIED** (ECF No. 75); and

3.     Defendant's MOTION *IN LIMINE* TO EXCLUDE REFERENCES TO IRRELEVANT EVIDENCE WITH CITATION OF AUTHORITY (ECF No. 76) is **GRANTED**.

                                        BY THE COURT:

                                        s/  Terrence F. McVerry
                                        United States District Court Judge

cc:     **Akin Adepoju, AFPD**
        Email: Akin_Adepoju@fd.org

        **Katherine A. King, AUSA**
        Email: katherine.king@usdoj.gov