IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| | ) | 2:12-cr-224 |
| v. | ) | |
| | ) | |
| CURTIS DELAY BROWN, | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

Pending before the Court is the UNITED STATES' SUPPLEMENTAL NOTICE OF ITS INTENTION TO ADMIT EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b) (ECF No. 89). Defendant has filed a MOTION TO STRIKE PROSECUTION'S SUPPLEMENTAL 404(B) NOTICE AND RESPONSE TO UNITED STATES'S SUPPLEMENTAL NOTICE OF ITS INTENTION TO ADMIT EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b) (ECF No. 90). The matter is ripe for disposition.

## I. Background

Defendant, Curtis Delay Brown, is charged in a one-count criminal indictment with the crime of possession of a firearm by a convicted felon, on or about July 7, 2012, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). *See* Indictment at 1 (ECF No. 19). On September 30, 2013, the Government filed a notice of its Rule 404(b) and Rule 609 disclosures.[1] At that time, the

---

1. Trial in this matter was initially scheduled for August 12, 2013, and the Government's 404(b) notice was to have been filed by July 22, 2013. On July 12, 2013, however, Defendant moved to postpone the trial, and the Court granted the motion. Trial was rescheduled for October 15, 2013, with the date for the Government's 404(b) notice (and various other pre-trial filings) reset to September 30, 2013. The parties complied with the Court's amended scheduling order, timely filing all of their pre-trial documents including the Government's 404(b) notice. That same date, however, the trial was again continued upon motion by the Defendant and rescheduled for January 27, 2014.

Government indicated, *inter alia*, that it intended to introduce certain statements made by the Defendant in which he admitted to carrying a firearm for self-protection. It made no mention of other evidence it might seek to admit under Rule 404(b). On January 17, 2014, however, the Government filed the instant supplemental notice, signaling its intent to introduce evidence relating to Defendant's 2007 conviction for simple assault in the Court of Common Pleas of Allegheny County. According to the Government, this conviction arose from an altercation in which Defendant "removed a dark weapon (pistol) f[ro]m his waistband and struck the victim about the arm and head." Govt.'s Supplemental Notice 3 (ECF No. 89) (citing Pre-Plea Inv. Rep. ¶ 25 (ECF No. 51)). Defendant objects to the introduction of the evidence.

## II. Discussion

Rule 404(b)(1) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Such evidence may, however, be admissible for another relevant purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The United States Supreme Court has established a four-step framework for determining the admissibility of evidence under the Rule:

> (1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rule 402; (3) its probative value must outweigh its prejudicial effect under Rule 403; and (4) the court must charge the jury to consider the evidence only for the limited purpose for which it is admitted.

*U.S. v. Sampson*, 980 F.2d 883, 886 (3d Cir. 1992) (citing *Huddleston v. U.S.*, 485 U.S. 681, 691–92 (1988)). The Court now turns to this analysis.

The Government contends that the facts underlying Defendant's 2007 simple assault

conviction are relevant to show that Defendant knowingly and intentionally possessed a firearm on July 7, 2012, as well as to show the absence of accident or mistake. In response, Defendant argues that because the Government is proceeding on a theory of actual as opposed to constructive possession, his knowledge and intent are not at issue and, thus, the proffered evidence is irrelevant – *i.e.*, it is nothing more than impermissible propensity evidence.

In a weapon-possession case, evidence of knowledge, intent, and absence of accident or mistake "is relevant to a theory of constructive possession, but not to a theory of actual possession." *U.S. v. Williams*, 620 F.3d 483, 489 (5th Cir. 2010). As the Fifth Circuit Court of Appeals has explained,

> [t]o demonstrate constructive possession, the government must show that the defendant exerted ownership, dominion, or control over an object, or over the premises where the object was found. Evidence of knowledge and intent is critical in constructive-possession cases, as a defendant will often deny any knowledge of a thing found in an area that is placed under his control (*e.g.*, a residence, an automobile) or claim that it was placed there by accident or mistake. The paradigmatic constructive possession scenario in which contraband is found under the defendant's seat in a car presents a classic case for introducing prior instances of gun possession, since the government would otherwise find it extremely difficult to prove that the charged possession was knowing.

*Id.* (citations and quotation marks omitted). In actual possession cases, on the other hand, the Government need only show that the defendant "was aware that (1) he physically possesses the thing, and (2) the thing he possesses is contraband." *Id.* (citation and quotation marks omitted).

Two lines of cases from the D.C. Circuit and Fifth Circuit illustrate the distinction between the evidentiary requirements for actual possession cases versus constructive possession cases. Defendant relies on a pair of these cases – *United States v. Linares*, 367 F.3d 941 (D.C. Cir. 2004) and *United States v. Jones*, 484 F.3d 783 (5th Cir. 2007) – in support of his argument. In *Linares*, a police officer and two other witnesses observed the defendant wield and fire a

3

handgun in his car and then throw it out the passenger window over a nearby fence where it was later discovered. *Linares*, 367 F.3d at 944-45. Based on the Government's evidence, the jury was faced with only two options: it could find actual possession or no possession at all. *Id.* at 946. Likewise, in *Jones*, a police officer saw the defendant pull an object out of his waistband, run down an alley, and throw the object underneath an adjacent house, where it was later found and determined to be a gun. *Jones*, 484 F.3d at 785. The Fifth Circuit Court of Appeals held that the evidence was inadmissible under Rule 404(b), adopting the rationale from *Linares*. Just "[a]s in *Linares*," the court explained, "the conflicting versions of events (devoid of any evidence of dominion or control by Jones over the alleged location of the gun) make illogical any contention that, as a third alternative to actual possession or no possession, a jury might somehow find constructive possession." *Id.* at 789.

By contrast, in *United States v. Garner*, a police officer approached the defendant's car and observed him remove a handgun from his waistband and place it under the car's passenger seat. *Garner*, 396 F.3d 438, 439 (D.C. Cir. 2005). The gun was later recovered from under the seat. *Id.* At the defendant's trial for being a felon in possession, the district court permitted the Government to offer the testimony of an officer who had previously arrested the defendant for carrying a weapon without a license. *Id.* at 441. On appeal, the defendant argued that the district court erred in admitting the evidence under Rule 404(b) and the D.C. Circuit's holding in *Linares*. *Id.* at 441-42. Rejecting the defendant's argument, the court of appeals distinguished the facts before it from those in *Linares*:

> unlike in *Linares,* the trial evidence here, at the time the district court ruled on [the admissibility of the officer's 404(b)] testimony, did not force the jury to a disjunctive choice between actual possession or no possession at all. At the time the district court admitted [the officer's] testimony, it could reasonably have believed the jury might discredit [that] testimony (based on his observations

4

> through a tinted window and smoke-filled compartment) and nevertheless convict Garner based on the undisputed testimony that the gun was found under Garner's seat when the car was searched. In that event, the jury would have faced a paradigmatic constructive possession scenario in which contraband (here, a firearm) is found in proximity to a defendant who may or may not have been *knowingly* in a position to, or have had the right to exercise dominion or control over the [contraband].

*Id.* at 442-43 (citations and quotation marks omitted) (emphasis in original). According to the court, the officer's testimony that the defendant was previously arrested in the front seat of a car with a handgun under his seat "made it more likely that [he] was in knowing possession of the loaded handgun found beneath his seat" in the present case. *Id.* at 444.

The Fifth Circuit Court of Appeals reached the same result in *Williams*, 620 F.3d at 490. In that case, the defendant was sitting in the backseat of a car when a police officer approached the car and observed the defendant "duck down, presumably to avoid detection." *Id.* at 486. Believing that the defendant was reaching for a gun, the officer ordered him out of the car and subsequently recovered a handgun sitting on the floorboard of the backseat. *Id.* Upholding the district court's decision to admit evidence of the defendant's prior firearm convictions, the Fifth Circuit Court of Appeals reasoned that since the gun was found directly under the defendant's seat, this was the "'paradigmatic constructive possession' scenario in which Rule 404(b) evidence is warranted." *Id.* at 490.

This case is more akin to *Garner* and *Williams* than it is to *Linares* and *Jones* because the Government's evidence could support a conviction based on either actual or constructive possession.[2] That is, if the jury discredits the testimony from the Pittsburgh officers that

---

2. Defendant now argues that this is strictly an actual possession case. However, he agreed to proposed jury instructions that would instruct the jury on the law related to both actual and constructive possession. *See* Joint Proposed Jury Instr. No. 8 (ECF No. 82). This cuts

Defendant pulled the firearm from his waistband and stuffed it between the couch cushions, then the case turns into the "paradigmatic constructive possession" situation – a firearm was found directly under the place where the Defendant was seated, with Defendant denying that the firearm belonged to him. In such case, the fact of a prior gun possession would serve a proper evidentiary purpose and would be relevant since it increases the likelihood that Defendant's alleged possession on July 7, 2012, was knowing and intentional, as opposed to inadvertent or mistaken. *See U.S. v. Penn*, 12–cr–240, 2013 WL 6002345, at *3 (W.D. Pa. Nov. 12, 2013) (holding in a constructive-possession case that defendant's prior conviction for possession of a firearm and ammunition was admissible to show defendant's knowledge of possession on date in question).

Turning to the Rule 403 analysis, prior acts are highly probative of knowledge and intent in cases like this, especially where, as here, the factual circumstances of the prior act and the charged offense are similar. *See Williams*, 620 F.3d at 491. At the same time, the Court recognizes that the prior gun-related conviction is susceptible to misuse as propensity evidence. That risk may be even greater in this case than in other cases because the Court has previously held that the Government may admit the Defendant's statements about his need to carry a gun for protection. The jury will, however, be properly instructed on the limited purpose for which it may (and may not) consider such evidence, both at the time of its admission during the trial and during the final jury instructions. Accordingly, the Court finds that the danger of *unfair* prejudice does not *substantially* outweigh the evidence's probative value.

---

against his argument with respect to the inadmissibility of the challenged evidence. *See Williams*, 620 F.3d at 491 n.5.

### III. Conclusion

For the foregoing reasons, Defendant's motion to strike will be **DENIED**. The Government will be permitted to introduce admissible evidence related to the facts underlying the Defendant's 2007 simple assault conviction. An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| | ) | 2:12-cr-224 |
| v. | ) | |
| | ) | |
| CURTIS DELAY BROWN, | ) | |
| Defendant. | ) | |

## ORDER OF COURT

**AND NOW**, this 27th day of January, 2014, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that Defendant's MOTION TO STRIKE PROSECUTION'S SUPPLEMENTAL 404(B) NOTICE AND RESPONSE TO UNITED STATES'S SUPPLEMENTAL NOTICE OF ITS INTENTION TO ADMIT EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b) is **DENIED**. The Government may introduce admissible evidence relating to the facts underlying the Defendant's 2007 simple assault conviction for the sole purpose of showing knowledge, intent, and absence of mistake or accident pursuant to Fed. R. Evid. 404(b).

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: **Akin Adepoju, AFPD**
Email: Akin_Adepoju@fd.org

**Michael Comber, AUSA**
Email: michael.comber@usdoj.gov