**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | **2:12-cr-224** |
| v. | ) | |
| | ) | |
| CURTIS DELAY BROWN, | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Now pending before the Court is the MOTION FOR JURY INSTRUCTION ON APPLICABLE MANDATORY MINIMUM SENTENCE WITH CITATION TO AUTHORITY (ECF No. 156) filed by Defendant, Curtis Delay Brown. The government filed a response in opposition to Defendant's motion and also cross-moved for an order precluding Defendant from referring to the punishment that would result from a guilty verdict (ECF No. 160). Defendant thereafter filed a response in opposition to the government's cross-motion.

As the Supreme Court has explained, "when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" *Shannon v. United States*, 512 U.S. 573, 579 (1994) (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975)). Thus, "as a general matter, jurors are not informed of mandatory minimum or maximum sentences, nor are they instructed regarding probation, parole, or the sentencing range accompanying a lesser included offense." *Id.* at 586-87.

Defendant acknowledges this general proposition but argues, nonetheless, that this Court has discretion to instruct the jury as to the applicable mandatory minimum sentence. In support of this argument, he relies on *United States v. Polizzi*, 549 F. Supp. 2d 308, 405 (E.D. N.Y. 2008), *reversed sub nom.*, *United States v. Polouizzi*, 564 F.3d 142, 160 (2d Cir. 2009). In

1

*Polizzi*, the district court reasoned that "*Booker* and the sea change in Sixth Amendment and sentencing practice it required" eroded the continuing validity of the Supreme Court's reasoning in *Shannon*. *Polizzi*, 549 F. Supp. 2d 437-38. As a result, the district court held that the defendant had a Sixth Amendment right to have the jury informed of the applicable five-year mandatory minimum. *Id.* at 438. On appeal, the Second Circuit confirmed that a trial judge has the discretion to provide such an instruction – though, according to the court, "*Shannon* continues to be controlling precedent," and thus such an instruction is not mandatory. *Polouizzi*, 564 F.3d at 160-61.

Our Appellate Court has already rejected the reasoning from the district court in *Polizzi*, holding that the district court does not err in refusing to instruct the jury on the applicable mandatory minimum. *See United States v. Abdul-Ganiu*, 480 F. App'x 128, 131-32 (3d Cir. 2012). Relying on *Polizzi*, the defendant "contend[ed] that the legal landscape has evolved to the point that the general principles [set forth in *Shannon*] are no longer good law." *Id.* But the Court of Appeals was "not persuaded" finding, instead, that the Supreme Court's "decisions remain binding precedent until [it] see[s] fit to reconsider them, regardless of whether subsequent cases have raised doubts about their continuing vitality." *Id.*

This Court, too, finds that it would be inappropriate to instruct the jury as to the 15-year mandatory minimum. While this Court acknowledges that, under *Shannon*, it has the discretion to provide an instruction about the possible consequences of a guilty verdict "under certain limited circumstances," 512 U.S. at 587, no such special circumstances exist in this case, *cf. United States v. Fisher*, 10 F.3d 115, 121 (3d Cir. 1993) (acknowledging that it might be appropriate to instruct the jury on possible penalties if "the trial judge has some basis for concluding that the jury might otherwise be improperly influenced by a false belief concerning

the consequences of an NGI verdict . . . ").  Accordingly, Defendant's request is **DENIED**. As a corollary of this, the Court agrees with the government that it would not be proper for Defense counsel to reference the mandatory-minimum sentence that Defendant will face if convicted during the course of the trial. Thus, the government's cross-motion is hereby **GRANTED**.

        **SO ORDERED**, this 11th day of May, 2015.

BY THE COURT:

s/  Terrence F. McVerry
Senior United States District Court Judge

cc:      **Akin Adepoju, AFPD**
        Email: Akin_Adepoju@fd.org

        **Katherine A. King, AUSA**
        Email: katherine.king@usdoj.gov

        **Jate Dattilo, AUSA**
        Email: Jane.Dattilo@usdoj.gov