# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) 2:12-cr-224 |
| v. | ) |
| | ) |
| CURTIS DELAY BROWN, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Now pending before the Court are the MOTION *IN LIMINE* TO EXCLUDE IRRELEVANT AND UNFAIRLY PREJUDICIAL STATEMENTS WITH CITATION TO AUTHORITY (ECF No. 147) and the MOTION RAISING EVIDENTIARY ISSUES RAISED AT THE FIRST TRIAL BY REFERENCE (ECF No. 148) filed by Curtis Delay Brown ("Defendant"). The government filed a response in opposition to the first motion (ECF No. 149), and Defendant filed a reply brief (ECF No. 157). Accordingly, the motions are ripe for disposition.

### I. Background

Defendant is charged in a one-count criminal indictment with possession of a firearm by a convicted felon, on or about July 7, 2012, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On that date, City of Pittsburgh Police officers were assisting Pennsylvania Liquor Control Enforcement officers in serving a search warrant on an after-hours nightclub in the Homewood neighborhood of Pittsburgh. Defendant was allegedly sitting on a couch in the nightclub when the officers came upon the crowded scene. Once inside the nightclub, one of the officers reportedly observed Defendant reach into his waistband, pull out a firearm, and shove it between two couch cushions. Defendant was detained, and the officers recovered a loaded .38 Special

1

Taurus revolver, model 85, serial number XK97661, from between the couch cushions beneath Defendant.

Defendant was convicted of the lone count of the indictment following a jury trial held on January 27-30, 2014. The Court thereafter sentenced him as an Armed Career Criminal under 18 U.S.C. § 924(e) to the 15-year statutory mandatory-minimum sentence. Defendant appealed his conviction on a variety of grounds. In lieu of responding, the government filed an unopposed motion to vacate this Court's judgment, conceding that it had erred in seeking to admit certain evidence under Rule 404(b) – specifically, Defendant's 2007 conviction for simple assault, which arose from an altercation in which Defendant removed a pistol from his waistband and struck his victim in the arm and head.[1] The Third Circuit Court of Appeals granted the government's motion on January 13, 2015, and the case was remanded to this Court for a new trial.

## II. Discussion

### A. ECF No. 147

Defendant seeks to preclude the Government from introducing the following statement that he allegedly made to ATF Agent Louis Weiers after he was taken into federal custody on July 31, 2012:

> Brown stated that he carries a firearm for self protection due to the area in which he lives and the nature of the business he is in. He added that he may not always have the firearm on him, but it is near, if needed. Brown stated that there is no guarantee he would [] stop carrying a gun after this arrest. Brown added that he didn't want to go around and shoot someone, but [the gun] was just for protection.

Def.'s Mot. ¶ 1, ECF No. 147. According to Agent Weiers' report, as described in Defendant's motion in limine which sought to preclude this statement from the first trial, Defendant also said

---

1. The government will not attempt to re-introduce this evidence at trial.

"that the officer who stated he saw [Defendant] pull the gun out of his waistband at the club is lying about having seen him do that." Def.'s Mot. ¶ 2, ECF No. 74.

Defendant argues that his statement is inadmissible character evidence under Rule 404(b). Prior to the first trial, Defendant sought to exclude the statement on that same basis. In response, the government contended that the statement was not subject to the strictures of Rule 404(b) since it is an admission "referenc[ing] the incident charged in the indictment, and explain[ing] why the defendant was carrying a firearm the night he was arrested." Govt.'s Resp. in Opp. to Def.'s Mot. at 1-2, ECF No. 83. The government also argued, in the alternative, that the statement was admissible to prove Defendant's motive to possess a firearm under Rule 404(b). *Id.* The Court denied Defendant's motion. Mem. Op., Jan. 14, 2014, 3-5, ECF No. 87. The government urges the Court to reaffirm its prior ruling, arguing, as it did prior to the first trial, that the statement is not subject to Rule 404(b) because it is intrinsic evidence of the crime charged or it is admissible under Rule 404(b) for the purpose of proving Defendant's motive.

This is a difficult question, as the statement does not fit neatly into either of the labels the government has attempted to assign to it. The Court previously found that the statement fell within the parameters of Rule 404(b), but was nevertheless admissible to establish motive. Following Defendant's appeal and upon further reflection and consideration of the parties' arguments, however, the Court now finds that Defendant's alleged statement is not subject to Rule 404(b). Under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." When each line of the statement is considered separately and read closely, the statement does not contain "[e]vidence of a crime, wrong, or other act . . . ." Fed. R. Evid. 404(b). Rather, the statement is more appropriately construed as an admission that

3

aids in directly proving the crime charged in the indictment, and it will be up to the jury to determine whether the statement was in fact made and "what weight, if any, . . . the statement deserves." Third Circuit Model Criminal Jury Instruction 4.32 ("Prior Statement of Defendant – Single Defendant on Trial").

As an initial matter, Defendant's alleged statement is phrased in the present tense, and Rule 404(b) focuses on prior acts. Defendant allegedly said he "*carries* a firearm for self protection," not that he *carried* a firearm at some unspecified point in the past. This suggests that he was addressing, at least obliquely, the very incident alleged in the indictment. It is as though he was attempting to explain that the firearm was just for self protection and not something more nefarious, under the mistaken belief that his reason for carrying the firearm might eliminate or minimize his culpability for the charged offense. In fact, according to Agent Weiers' testimony at the first trial, Defendant never actually denied possessing the firearm in question during the post-arrest interview. Trial Tr. at 115:24-25 – 116:1-5, ECF No. 131. He merely denied that the officer who had claimed to have seen him pull the gun out of his waistband could have made such an observation. *Id.* at 116:1-5.

Likewise, Defendant allegedly said that he "may not always have the firearm on him, but it is near, if needed." From this statement, the jury would not be asked to infer that Defendant is guilty based on something he allegedly did in the past. It would be asked to convict him based on what he said about the present: his gun is "near, if needed." If the jury believes what he allegedly said, then it is more likely that the firearm found in the seat cushions belonged to Defendant and not someone else.

In sum, the Court finds that the statement is an admission under Rule 801(d)(2)(A) that is probative of the crime charged in the indictment, and not character evidence subject to Rule

404(b).[2] To determine whether the statement should be admissible, however, the Court must still consider whether the probative value of the statement is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. On the one hand, the statement is highly probative inasmuch as it explains why he allegedly had a firearm on the night in question. For that same reason, though, the statement is damaging evidence of Defendant's guilt and, in that sense, prejudicial to Defendant. However, Rule 403 is not designed to exclude evidence that "is merely undesirable from the defendant's perspective." *United States v. Cross*, 308 F.3d 308, 324 n.23 (3d Cir. 2002). It is only intended to keep out evidence that is unfairly prejudicial. *Id.* The term "'unfair prejudice' means 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Id.* (quoting Fed. R. Evid. 403 advisory committee's note). In other words, evidence is unfairly prejudicial if it might lead the jury "into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). Here, there is little risk that the admission of *most* of Defendant's alleged statement would do so. Rather, the segments of the statement which explain why Defendant needed to possess a firearm are, in their own right, proof of the specific offense charged.[3]

The same cannot be said with regard to the segment of the statement which references

---

2. In so ruling, the Court does not mean to suggest that evidence which would otherwise be excluded under Rule 404(b) is admissible under Rule 801(d)(2)(A) because it is the defendant's own statement. That appears to have been the rule at common law, but it is no longer the case. *See* Wright & Graham, 22B *Fed. Prac. & Proc. Evid.* § 5248. The Court means only that the statement does not refer to "[e]vidence of a crime, wrong, or other act" subject to analysis under Rule 404(b).

3. The Court notes that Defendant signed a waiver of his *Miranda* rights prior to making the statement. Moreover, he has not contended that the statement was involuntary or sought to suppress the statement on other grounds.

future gun possession, however. *See* Def.'s Mot. ¶ 1 ("Brown stated that there is no guarantee he would not stop carrying a gun after this arrest."). Unlike the other segments, this portion of the statement is not necessarily probative. It does not really help to explain why Defendant might have possessed a firearm on July 7, 2012. On the other hand, there is a real risk that the jury might convict Defendant to keep him and his firearm(s) off the streets in the future, even if there is not sufficient evidence that Defendant knowingly possessed a firearm on July 7, 2012. This risk, in the Court's view, substantially outweighs the limited probative value of this segment of the statement. Therefore, although the other portions of the statement will be admissible, the sentence referring to future firearm possession – "Brown stated that there is no guarantee he would not stop carrying a gun after this arrest" – will not be admissible.

**B. ECF No. 148**

Defendant first requests that the Court reverse its decision on the motion in limine filed prior to the first trial at ECF No. 75, which sought to preclude testimony concerning the operability of the firearm. Prior to the first trial, the Court denied Defendant's motion, having found that the challenged testimony was relevant to whether Defendant knowingly possessed a "firearm" as that term is defined in 18 U.S.C. § 921(a)(3). Mem. Op., Jan. 14, 2014, 5-6. The Court also held that the probative value of testimony with regard to the operability of the gun was not substantially outweighed by the danger of unfair prejudice. *Id.* Defendant's request to reverse that ruling is **DENIED**. Instead, the Court hereby **REAFFIRMS** its prior ruling and incorporates herein the analysis set forth in its January 14, 2014, Memorandum Opinion by reference. Accordingly, the government is once again permitted to introduce testimony regarding the operability of the firearm at trial.

Defendant next requests that the Court preserve its ruling on his motion in limine to

exclude references to another gun found in the nightclub on July 7, 2012 (ECF No. 76). Before the first trial, the government indicated that it did not intent to offer evidence related to the second firearm, so the Court granted Defendant's motion, effectively as moot. The Court hereby **REAFFIRMS** its prior ruling and incorporates by reference the analysis in its January 14, 2014, Memorandum Opinion addressing this issue. Mem. Op., Jan. 14, 2014, 6-7.

## III. Conclusion

For the foregoing reasons, Defendant's MOTION *IN LIMINE* TO EXCLUDE IRRELEVANT AND UNFAIRLY PREJUDICIAL STATEMENTS WITH CITATION TO AUTHORITY (ECF No. 147) will be **DENIED**, and Defendant's MOTION RAISING EVIDENTIARY ISSUES RAISED AT THE FIRST TRIAL BY REFERENCE will be **GRANTED IN PART** and **DENIED IN PART**. An appropriate Order follows.

McVerry, S.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | )   2:12-cr-224 |
| v. | ) |
| | ) |
| CURTIS DELAY BROWN, | ) |
| Defendant. | ) |

### ORDER OF COURT

**AND NOW**, this 14th day of May, 2015, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that Defendant's MOTION *IN LIMINE* TO EXCLUDE IRRELEVANT AND UNFAIRLY PREJUDICIAL STATEMENTS WITH CITATION TO AUTHORORITY" (ECF No. 147) is **DENIED**. Furthermore, Defendant's MOTION RAISING EVIDENTIARY ISSUES RAISED AT THE FIRST TRIAL BY REFERENC (ECF No. 148) is **GRANTED IN PART** and **DENIED IN PART** and, therefore, the Court's rulings on the motions in limine filed prior to the first trial at ECF Nos. 85 and 86 are **REAFFIRMED**.

BY THE COURT:

s/ Terrence F. McVerry
Senior United States District Court Judge

cc: **Akin Adepoju, AFPD**
Email: Akin_Adepoju@fd.org

**Katherine A. King, AUSA**
Email: katherine.king@usdoj.gov

**Jane Dattilo, AUSA**
Email: Jane.Dattilo@usdoj.gov